UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-686(DSD/ECW)

United HealthCare Services, Inc.,

       Plaintiff,

v.                                        **ORDER**

Celgene Corporation,

       Defendant.


This matter is before the court upon the motions to dismiss or to transfer by defendant Celgene Corporation. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to transfer and denies the motion to dismiss without prejudice.


**BACKGROUND**

This antitrust case arises out of Celgene's sales of its cancer medicines Thalomid and Revlimid. Celgene is a drug manufacturer incorporated in Delaware and headquartered in New Jersey. Compl. ¶ 24. Plaintiff United Health Care Services, Inc. (UHS), a Minnesota corporation, alleges that Celgene has "engaged in a course of conduct that prevented free and fair competition so that [it] could charge unlawfully high prices for Thalomid and Revlimid." Id. ¶¶ 4, 17. UHS specifically alleges that "Celgene constructed an impenetrable monopolistic fortress and engaged in

a multipronged scheme to unlawfully maintain 100% share of the market for these two drugs, and massively inflate its profits, by successfully interfering with competitors' efforts to develop and/or obtain FDA approval for generic versions of Revlimid and/or Thalomid in many ways[.]"[1]  Id. ¶ 5.

For purposes of this action, UHS includes its health plan subsidiaries, which provide prescription drug insurance benefits to insureds in all fifty states.  Id. ¶ 19; id. Ex. A.  In addition, UHS's affiliates OptumRx Group Holdings, OptumRx, Inc. and their wholly owned pharmacy subsidiaries, have assigned their claims to UHS.  Compl. ¶ 20.

UHS commenced this action against Celgene on March 6, 2020, alleging violation of section 2 of the Sherman Act, violation of Minnesota antitrust law, violation of various state antitrust and consumer protection laws (pleaded in the alternative),[2] violation of the Minnesota Consumer Fraud Act, and unjust enrichment (pleaded in the alternative).  Id. ¶¶ 444-514.  UHS seeks to recover, among other things, all unlawful charges incurred in paying for Thalomid

---

[1]  The court has reviewed UHS's 155-page complaint which thoroughly details Celgene's alleged monopolistic conduct.  Given the disposition of the case, the court will discuss only those allegations material to the transfer motion.

[2]  This claim includes statutes from many different states, including Minnesota.  Id. ¶¶ 468-69.

and Revlimid directly and on behalf of its insureds.  Id. ¶¶ 21,
449, 460; id. at 147-48.

This is not the only such case brought against Celgene.  In
2007, Barr Laboratories, a generic drug manufacturer, counter-sued
Celgene alleging similar antitrust violations in the United States
District Court for the District of New Jersey.  See Celgene, Inc.
v. Barr Laboratories, Inc., No. 07-286-SDW-MCA (D.N.J. filed Jan.
18, 2007), ECF No. 34, at 26-66.  The parties ultimately agreed
to dismiss their claims against each other.  See id. ECF No. 160.

In 2014, Mylan Pharmaceuticals, another generic drug
manufacturer, brought an antitrust action against Celgene in the
District of New Jersey.  See Mylan Pharm., Inc. v. Celgene, Inc.,
No. 14-2094-ES-MAH (D.N.J. filed Apr. 3, 2014).  Mylan made
allegations like those raised here, among others.  See id. ECF No.
1.  In a lengthy summary judgment order, the court dismissed some
of Mylan's claims and set the matter for trial.  See id. ECF No.
287.  After five years of litigation, the parties settled before
trial began.  Id. ECF No. 425.

In November 2014, various plaintiffs filed a nationwide class
action complaint in the District of New Jersey against Celgene
alleging antitrust violations relating to Thalomid and Revlimid.
See In re Thalomid and Revlimid Antitrust Litig., No. 2:14-6997-

MCA-MAH (D.N.J. filed Nov. 7, 2014).[3]  After years of discovery and motion practice, the case recently settled with court approval. See id. ECF No. 325.

On March 1, 2019, health insurer Humana Inc. sued Celgene in the District of New Jersey alleging federal antitrust violations as well as violations of many states' antitrust and consumer protection laws.  See Humana Inc. v. Celgene Corp., No. 19-7532-ES-MAH (D.N.J. filed Mar. 1, 2019). The complaint in Humana is strikingly similar to the complaint in this case.  The only material difference the court can discern is that the instant case involves independent claims alleging violations of Minnesota law. Specifically, in addition to those claims common to both cases, the complaint in this case raises claims under Minnesota's antitrust statute, Minn. Stat. § 325D.49, and the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69.  See ECF No. 1 ¶¶ 454-66, 478-92.  It is worth noting, however, that Humana also invokes Minnesota law in its broadly pleaded claims for "Monopolization and Monopolistic Scheme Under State Law," "Attempted Monopolization Under State Law," "Unfair and Deceptive Trade Practices Under State Law," and "Unjust Enrichment Under State

---

[3] UHS was a putative class member but opted out of the case.

Law."[4]  See Humana Inc. v. Celgene Corp., No. 19-7532-ES-MAH, ECF
No. 1 ¶¶ 418(k) (Minn. Stat. § 325D.52), 424(k) (Minn. Stat. §
325D.52), 428(o) (Minn. Stat. §§ 325D.43, 325F.69), 437 (Minnesota
unjust enrichment law).  In other words, the Humana case requires
the New Jersey court to apply Minnesota law, as well as the law of
many other states.  Celgene moved to dismiss the Humana case and
that motion is pending before the court.  See id. ECF Nos. 18, 39.

In addition to the above cases, Celgene has litigated numerous
patent actions against generic drug manufacturers relating to
Thalomid and/or Revlimid in the District of New Jersey.  See
Celgene Corp. v. Natco Pharma Ltd., No. 10-5197-SDW-LDW (D.N.J.
filed Oct. 12, 2010); Celgene Corp. v. Lannett Holdings, Inc., No.
15-697-SDW-LDW (D.N.J. filed Jan. 30, 2015); Celgene Corp. v. Dr.
Reddy's Laboratories, Inc., No. 16-7704-SDW-LDW (D.N.J. filed Oct.
20, 2016); Celgene Corp. v. Zydus Pharm. (USA), Inc., No. 17-2528-
SDW-LDW (D.N.J. filed Apr. 12, 2017); Celgene Corp. v. Cipla Ltd.,
No. 17-6163-SDW-LDW (D.N.J. Aug. 15, 2017; Celgene Corp. v. Lotus
Pharm. Co., No. 18-11518-SDW-LDW (D.N.J. July 10, 2018); Celgene
Corp. v. Sun Pharm. Indus., Inc., No. 18-11630-SDW-LDW (D.N.J.
filed July 13, 2018).  In this case, UHS alleges that Celegene's

---

[4]  These claims also incorporate the laws from many other
states, as do the similar claims pleaded in this case.

patent actions were sham litigations designed to prevent or delay generic drug manufacturers from entering the market with generic forms of Thalomid and Revlimid.  Compl. ¶¶ 318-74.

Celgene argues that this case should be transferred to the District of New Jersey under 28 U.S.C. § 1404(a) given that the judges there have extensive experience presiding over similar cases and because a nearly identical case is pending there.  UHS disagrees, arguing that its choice of forum should be honored and that neither judicial economy nor the convenience of the parties or witnesses weigh in favor of transfer.


**DISCUSSION**

**I.   Motion to Transfer**

Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[5]  Deciding whether to order a transfer under § 1404(a) "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119

---

[5] The parties agree that this case could have been brought in the District of New Jersey.

6

F.3d 688, 691 (8th Cir. 1997).  Section 1404(a) "accords the district court much discretion in deciding such motions."  Id. at 697.  The relevant factors fall generally into three categories: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  Id.  There is, however, "no exhaustive list of specific factors to consider ...."  Id.

### A.    The Interests of Justice

The court will turn first to the interests of justice, as it has long been recognized as the "most important factor" under § 1404(a).  Radisson Hotels Int'l v. Westin Hotel Co., 931 F. Supp. 639, 641 (D. Minn. 1996).  "The interests of justice typically involve considerations of (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law[s] issues, and (7) the advantages of having a local court determine questions of local law."  Terra Int'l, Inc., 119 F.3d at 696 (internal quotations omitted).

Here, the interests-of-justice analysis turns on judicial economy.[6]  The United States Supreme Court has "made quite clear

_____

[6]  There is no genuine dispute that UHS could readily enforce

7

that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) (quoting Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960)). This case and the Humana case are substantially the same action, as evidenced by the striking similarity of their complaints.

Plaintiffs in both cases are health insurers who have sued Celgene under the same core theories of antitrust, state consumer protection laws, and unjust enrichment. Both seek the same relief. Based on a review of filings in both cases, including the motions to dismiss pending before each court, the court is satisfied that the cases are similar enough that proceeding in two separate courts would thwart judicial economy. Specifically, without transfer, more than one judge will "consider the same questions, review the same record, read the same briefs, and write opinions resolving the same issues." Hoban v. U.S. Food & Drug Admin., No. 18-269, 2018 WL 3122341, at *3 (D. Minn. June 26,

---

a judgment if issued by the District of New Jersey and that there are no obstacles to a fair trial there. Further, there are no conflict of laws issues that would weigh against transfer. The court will therefore discuss only the relevant considerations.

8

2018).   Section "1404(a) was designed to prevent this wastefulness." Id. (internal quotations omitted).

The court's determination is bolstered by the fact that several judges in the District of New Jersey have been presiding over cases involving Celgene's alleged monopolistic conduct since 2007.  Such extensive experience and institutional knowledge will no doubt result in more efficient handling and resolution of this complex related matter.

The court is not persuaded by UHS's argument that this court should decline to transfer the case because it involves claims under Minnesota law.  First, UHS's principal claim arises under federal law – the Sherman Act - which "undermines the importance of a local court deciding its claims." Cosmetic Warriors Ltd. v. Abrahamson, 723 F. Supp. 2d 1102, 1108 (D. Minn. 2010).  Second, Minnesota law, as well as other states' laws are already before the court in the Humana case.  Adding another claim under Minnesota law does not meaningfully change the nature of the case.[7]  Third, the court has no doubt that the District of New Jersey can well

---

[7] This is particularly true with respect to the claim under Minnesota antitrust law, which is "interpreted consistently with federal antitrust law." Inline Packaging, LLC v. Graphic Packaging Int'l, LLC, 962 F.3d 1015, 1024 (8th Cir. 2020) (quoting Lorix v. Crompton Corp., 736 N.W.2d 619, 626 (Minn. 2007)).

handle questions of Minnesota law. See id. (quoting Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 620 (8th Cir. 2001)) ("[F]ederal district courts are 'faced almost daily with the task of applying some state's law other than that of the forum state, and [they are] capable of resolving ... dispute[s] under' another state's law.").

The court is mindful that UHS's choice of forum is owed deference, but that deference does not override the considerations of judicial economy present in this case. Further, a plaintiff's choice of forum "garners less weight where, as here, the claims alleged in the action" largely arose outside the forum state. Klatte v. Buckman, Buckman & Reid, Inc., 995 F. Supp. 2d 951, 957 (D. Minn. 2014); see also CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc., 259 F.R.D. 398, 408 (D. Minn. 2009) ("[W]hen the underlying events giving rise to the litigation did not occur in the forum, courts afford a plaintiff's choice of forum 'significantly less deference.'"). Although UHS engaged in activity in Minnesota relating to their claims – principally making unlawfully inflated payments due to Celgene's monopolistic conduct – the complaint centers on Celgene's conduct, which occurred in New Jersey. As a result, the interests of justice weigh heavily in favor of transferring the case to the District of New Jersey.

**B.    Convenience of the Parties and Witnesses**

With regard to the factor of convenience, § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.   Transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer.   Van Dusen v. Barrack, 376 U.S. 612, 646 (1964).

Based on the record before it, the court finds that this factor also weighs, although less resoundingly so, in favor of transfer. This is primarily because the core conduct at issue - Celgene's alleged monopolistic activities - occurred in and emanated from New Jersey, which means that most of the key witnesses are likely located there.   This is not to say that Minnesota has no bearing on this case or that no witnesses reside here.   There will surely be Minnesota-based UHS witnesses that will appear in the case.   Given the allegations in the complaint, however, there are likely more witnesses located in New Jersey than in Minnesota.   Further, although transferring the case to New Jersey does pose some inconvenience to UHS, it is a large corporation with "the financial wherewithal to bear the expense of litigating this action in either forum."   CBS Interactive, 259

11

F.R.D. at.[8]

For the forgoing reasons, the court will grant the motion to transfer. The court will leave the issue of whether the case should be consolidated with the Humana case to the transferee court.

**II.  Motion to Dismiss**

In light of the court's decision to transfer the case, the court will deny Celgene's motion to dismiss without prejudice so that it may be considered by the transferee court.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to transfer venue [ECF No. 27] is granted;

2.   The clerk of court is directed to transfer the case to the District of New Jersey; and

3.   The motion to dismiss [33] is denied without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 3, 2020

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court

---

[8]  The court notes that it would grant the motion even if this factor weighed against transfer given that the interests of justice will be overwhelmingly served by transfer.

12